UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62510-CV-BLOOM
MAGISTRATE JUDGE REID

ANTON JOSEY,

      Petitioner,

v.

MARK S. INCH, SECRETARY
FLORIDA DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Petitioner, **Anton Josey**, is a state prisoner sentenced to concurrent terms of life imprisonment following a jury trial in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida in **Case No. 09016021CF10A**. [ECF No. 8-1 at 18-24]. In this case, Petitioner seeks to challenge the constitutionality of his state court conviction. [ECF No. 1].

Petitioner contends that his Petition is timely [ECF No. 1 at 6-7], and asserts that this case "is one that would require the application of the United States Supreme Court's decision in [*Martinez v. Ryan*, 566 U.S. 1 (2012)]. [ECF No. 10]. However, in response to the Undersigned's Order to Show Cause [ECF No. 5], Respondent argues that Petitioner's case was not timely brought within the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. [ECF No. 7 at 3-5].

Accordingly, although this Court's timeliness calculation differs from that of Respondent, upon review of the Petition and all relevant documents in this case and the state court, the Undersigned **RECOMMENDS** that the Petition [ECF No. 1] be **DISMISSED** as untimely.

## II. Statutory Tolling Under § 2244(d)(1)(A)-(D)

AEDPA governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (per curiam). The AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is tolled, however, for the time during which a properly filed application for post-conviction or other collateral review is pending in the state court. *See* 28 U.S.C. § 2244(d)(2). Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to run. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

### III. Discussion

On June 11, 2012, Petitioner was found guilty of first-degree murder and armed kidnapping following a jury trial, in **Case No. 09016021CF10A**. [ECF No. 8-1 at 18-24]. Petitioner filed an appeal, and the trial court was affirmed by the appellate court, *per curiam*, on November 19, 2014. *See Josey v. State*, 152 So. 3d 677, 678 (Fla. 4th DCA 2014). Mandate issued December 19, 2014. [*Id*. at 77]. Petitioner did not seek further review with the United States Supreme Court and his conviction became final 90 days later, not on March 19, 2015, as Respondent argues

[ECF No. 7 at 4], but on February 17, 2015. *See Chavers v. Sec'y Fla. Dep't of Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (per curiam) ("the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A).").

Petitioner filed a  motion to correct illegal sentence on February 18, 2016, allowing **366 days** of time to pass. [ECF No. 8-1 at 79-82]. The trial court denied the motion to correct illegal sentence on March 31, 2016 [*Id*. at 88], and Petitioner did not appeal. Thus, this proceeding concluded, and the trial court's order became final thirty days later, on April 30, 2016. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1384 (11th Cir. 2006) (finding that the time during which a habeas petitioner could have sought appeal of the denial of a postconviction motion or motion for collateral relief, tolls AEDPA's one-year limitations period even though petitioner did not seek appellate review of the denial order).

Petitioner then waited **fifty-two days** and filed a motion for postconviction relief on June 21, 2016. [ECF No. 8-1 at 90-123]. The trial court struck grounds 1 and 3 as facially insufficient [*Id*. at 145-146], and Petitioner filed amendments. [*Id*. at 148-159]. The trial court then summarily denied all grounds except ground 3, which was denied as legally insufficient. [*Id*. at 173-174].

Petitioner appealed, and the Fourth District Court of Appeal *per curiam* affirmed without opinion. *See Josey v. State*, 267 So. 3d 386, 387 (Fla. 4th DCA 2019) (table). Petitioner moved for rehearing [ECF No. 8-1 at 207-210], which was denied on May 13, 2019 [*Id.* at 214], after the mandate issued.

After waiting **140 days** more, Petitioner filed this federal habeas action on September 30, 2019.[1] [ECF No. 1 at 1].

In total, **558 days** of untolled time elapsed before petitioner came to this Court. Thus, it is evident that there was over one year during which no post-conviction proceedings were pending to toll the federal limitations period. Although, Petitioner contends that this habeas petition is timely [ECF No. 1 at 16-17], his assertion is incorrect, and this federal petition remains time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

### IV. Equitable Tolling

Given the detailed procedural history narrated above, this federal habeas proceeding is due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

The Supreme Court has established a two-part test for equitable tolling, holding that a petitioner "must show '(1) that he has been pursuing his rights

---

[1] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Fed. R. App. 4(c)(1).

diligently, and (2) that some extraordinary circumstance stood in his way'… prevent[ing] timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007). Petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (*citing Hutchinson v. Fla.*, 677 F.3d 1097, 1099 (11th Cir. 2012)).

Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Id*. at 1158 (*quoting Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

While the record reveals that Petitioner was a proactive litigant during his direct appeal and during several post-conviction proceedings, he has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 (11th Cir. 2002). This Court is not unmindful that Petitioner pursued collateral relief in the state forum. However, it is evident that there was well over one year of un-tolled time during which no properly filed post-conviction proceedings were pending which would act to toll the federal limitations period. As a result of Petitioner's failure to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

## V. *Martinez v. Ryan*

Here, Petitioner asserts that "this case is one that would require the application of the United States Supreme Court's decision in [*Martinez v. Ryan*, 566 U.S. 1 (2012)]. (2012)]. [ECF No. 10 at 1]. Specifically, Petitioner contends that he was "denied his theory of defense" which was required "to be presented on Direct Appeal," and thus, "counsel at the initial review proceeding was ineffective for failing to present this claim(s). [*Id*.].

However, the equitable rule in *Martinez* "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding" and "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing a § 2254 petition. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 943 (11th Cir. 2014) (citing *Arthur v. Thomas*, 739 F.3d 611, 629–31 (11th Cir. 2014)). Thus, *Martinez* is inapplicable to the circumstances presented here, and the Petition remains untimely.

## VI. Actual Innocence

To succeed on a claim of actual innocence, Petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Actual innocence"

requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

As applied here, Petitioner presents no new evidence, let alone any "new reliable evidence," to support a claim of "actual innocence." He has also failed to suggest that such evidence exists, so as to meet the stringent actual-innocence standard. *See House*, 547 U.S. at 521, 536-37. Further, Petitioner has failed to demonstrate that he is entitled to statutory or equitable tolling of the federal limitations period. Thus, this § 2254 motion should be dismissed as time-barred.

## VII. Evidentiary Hearing

Because this habeas petition can be resolved by reference to the state court record there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a

certificate of appealability ("COA") to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, Petitioner is not entitled to a certificate of appealability. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IX. Recommendations

Based on the above, it is **RECOMMENDED** that this Federal Habeas Petition [ECF No. 1] be **DISMISSED** as untimely, and the case **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 22nd day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   **Anton Josey**
      967931
      Northwest Florida Reception Center-Annex
      Inmate Mail/Parcels
      4455 Sam Mitchell Drive
      Chipley, FL 32428
      PRO SE

      **Luke Robert Napodano**
      Office of the Attorney General
      1515 North Flagler Drive
      Suite 900
      West Palm Beach, FL 33401
      Email: luke.napodano@myfloridalegal.com